IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH EUGENE ROBINSON,**
**No. 08938-030,**

**Petitioner,**

      **vs.**                           **Case No. 14-cv-715-DRH**

**UNITED STATES of AMERICA,**
**and WARDEN WALTON,**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Joseph Robinson, currently incarcerated in the USP-Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence.  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.  After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## I.   <u>Background</u>

Petitioner was charged by indictment with one count of conspiracy to distribute at least 5 grams but not more than 50 grams of crack cocaine (Count 1), and one count of distribution of crack cocaine (Count 2).  *United States v. Robinson*, Case No. 08-cr-121 (S.D. Iowa).  He was tried by a jury, which convicted him on Count 1, but returned a not guilty verdict on Count 2.  *United States v. Robinson*, 639 F.3d 489 (8th Cir. 2011).  The jury specifically found that petitioner had conspired to distribute more than five grams of crack.  *Id.* at 492.  The sentencing court found that the conspiracy involved at least 50 grams.  Further, the court concluded that petitioner qualified for sentencing as a career offender because of two prior convictions.  *Id.*; U.S.S.G. § 4B1.1.  On July 19, 2010, he was sentenced to 360 months (Doc. 1, p. 1).

On direct appeal, the Eighth Circuit agreed with petitioner's contention that his 2007 Iowa conviction for violating the state's drug tax stamp law was not a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.1; therefore, he should not have been sentenced as a "career offender" under that guideline.  *United States v. Robinson*, 639 F.3d at 495-498.  Petitioner's sentence was vacated.  Upon remand, he was resentenced on September 16, 2011, to 180 months for the drug conspiracy count.

Petitioner filed an unsuccessful appeal from the amended judgment.  *United States v. Robinson*, 478 F. App'x 341 (8th Cir. 2012).  He then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising several

claims of ineffective assistance of trial counsel. *Robinson v. United States*, Case No. 13-cv-00066 (S.D. Iowa).  That motion was denied on November 15, 2013 (Doc. 7 in Case No. 13-cv-00066).  The Eighth Circuit denied him a certificate of appealability on April 16, 2014.

## II.   **The Petition**

In the instant petition, filed on June 20, 2014, petitioner again enumerates several allegations that his trial counsel was ineffective (Doc. 1, pp. 6-7).  These include a failure to "establish a sound defense strategy" and failure to seek suppression of certain evidence, failing to properly advise petitioner of plea options or his potential maximum sentence, failing to challenge elements that led to an enhanced sentence, and failing to challenge the credibility of key testimony against him (*Id*.; Doc. 1-1, p. 8).  Much of his 39-page "formal petition" consists of boilerplate arguments that have been presented in identical form to this Court by several of petitioner's fellow Marion inmates.  Indeed, even his statement of the four grounds for relief is an exact copy of the grounds relied upon by these other inmates (Doc. 1-1, p. 8).

First, petitioner argues that his lawyer's overall performance was deficient, citing *Strickland v. Washington*, 466 U.S. 668 (1984).  Second, counsel failed to negotiate or present a reasonable plea option, gave petitioner unrealistic information on his likely sentence, and advised him to go to trial, which violated his rights as explained in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).  Third, he argues (based on *Alleyne v. United*

*States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013)) that counsel failed to challenge the sentencing guideline range, allowing it to be based on the elements of the crime without due consideration to the supporting evidence.   Finally, counsel failed to challenge the trial testimony against petitioner, in violation of *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011).

Petitioner asserts that he may bring these claims under the "savings clause" of 28 U.S.C. § 2255(e) because the "new" Supreme Court cases he cites establish his "actual innocence" of the 180-month sentence imposed on remand (Doc. 1-1, p. 1).   Even though he was no longer subject to the "career offender" sentencing enhancement after his successful appeal, petitioner asserts he still faced a sentencing range of 180-210 months based on the drug quantity found (Doc. 1-1, p. 7).   He claims he is "actually innocent" of the "enhanced sentence exceeding [his] applicable mandatory minimum" (Doc. 1-1, p. 1).

### III.   Discussion

Initially, the Court notes that the proper respondent in a § 2241 petition is the warden of the prison where petitioner is confined, not the United States.   *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).   Warden Walton, who is named as a co-respondent, is the only proper opposing party.   Therefore, the

United States shall be dismissed as a respondent herein.

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998). Here, petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill,* 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002)). *See also United States v. Prevatte,* 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate

remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Turning to petitioner's specific claims, none of them meet the criteria that would permit consideration in a § 2241 proceeding.  *Strickland v. Washington*, 466 U.S. 668 (1984), was decided long before petitioner was convicted, let alone sentenced.  It is obviously not a "new" decision, nor is it a statutory interpretation case.  Petitioner's first claim thus fails.

*Missouri v. Frye*, 132 S. Ct. 1399 (2012), involved counsel's ineffectiveness for failing to inform his client of a potential plea deal which would have resulted in a lower sentence than the defendant ultimately received after he was found guilty at trial. *Frye* was a constitutional case, not a statutory interpretation decision, and it did not announce a new rule of law. *See Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012). Likewise, *Frye*'s companion case, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), was a constitutional case that did not contain a new rule of law. *See Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013). For these reasons alone, neither *Frye* nor *Lafler* brings petitioner's claims within the savings clause of § 2255. Furthermore, petitioner does not allege that his trial counsel ever received a plea offer that would have brought his case within the scope of these recent decisions. This second claim also fails to provide petitioner with an avenue for relief under § 2241.

Third, petitioner invokes *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013). He appears to argue that it was error for the trial judge (rather than the jury) to have made the factual finding as to the quantity of drugs involved in order to establish the applicable sentence (Doc. 1-1, p. 26). *Alleyne* held that any fact, other than a prior conviction, which increases the mandatory minimum punishment for an offense must be submitted to a jury. *Alleyne*, 133 S. Ct at 2163.

In petitioner's case, the jury specifically found that the conspiracy involved a quantity in excess of 5 grams of crack cocaine. *United States v. Robinson*, 639

F.3d 489, 492 (2011).  The trial court further found, based on a preponderance of the evidence, that the drug quantity was at least 50 grams.  The trial court was directed on remand to resentence petitioner based on the record already before it; thus the 50 gram amount would have been used to calculate the applicable sentencing guideline range.  *Robinson*, 639 F. 3d at 498.  The 180-month sentence imposed on remand was actually eight months below the recommended guideline sentence, according to the trial court's discussion of petitioner's § 2255 motion (Doc. 7, p. 3, in *Robinson v. United States*, Case No. 13-cv-00066 (S.D. Iowa)).  The Seventh Circuit has explained that this type of judicial fact-finding is relevant to determining the applicable sentencing guideline range, and does not violate *Alleyne* or its predecessor case, *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *United States v. Garrett*, No. 13-1182, 2014 WL 2883886 (7th Cir. June 26, 2014); see also *United States v. Valdez,* 739 F.3d 1052, 1054 (7th Cir. 2014).

The other recent case petitioner invokes, *Descamps v. United States*, 133 S. Ct. 2276 (2013), held that the defendant should not have been subject to a career criminal enhancement where his previous California burglary conviction was for violating a statute that criminalized conduct beyond the "generic" elements of the crime of burglary (unlawful entry into a building with the intent to commit a crime).  *Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances.  The Court in *Descamps* reiterated the "categorical approach"

analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner's conviction and sentencing.  More to the point, petitioner's current sentence was not the result of a prior-conviction enhancement, since he was sentenced on remand without regard to his prior drug-tax-stamp conviction.  For these reasons, petitioner's third argument does not come within the savings clause and has no merit.

Finally, petitioner's arguments based on *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011) are unavailing.  *Bullcoming* pertains to the Confrontation Clause of the Sixth Amendment, and is not a statutory interpretation case.  Further, *Bullcoming* has not been made retroactive to cases on collateral review. Petitioner's complaints that trial counsel failed to adequately challenge the credibility of the witnesses against him or to seek suppression of hearsay could have been raised (and to some extent were raised) in his § 2255 motion.

To summarize, petitioner has failed to show that the savings clause is applicable to any of his claims.  His § 2241 petition shall be dismissed.

### IV.   <u>Disposition</u>

The United States of America is **DISMISSED** as a party to this habeas action.

As discussed above, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition.  *Davenport*, 147

F.3d 605 (7th Cir. 1998).   Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.   FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.   *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1]   It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 17th of July, 2014.

Digitally signed by
David R. Herndon
Date: 2014.07.17
12:29:41 -05'00'

**Chief Judge**
**United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).